■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS WYSOKOWSKI, Appellant, v. JOSEPH P. CONBOY, as Superintendent of Great Meadow Correctional Institution, Respondent.— Appeal from an order of the Supreme Court, Washington County, dismissing relator's petition for a writ of habeas corpus following a hearing. Relator, convicted by a jury verdict of the crime of manslaughter, first degree, seeks his release from custody on the grounds that the indictment was not legally sufficient and that illegally obtained evidence was used to secure his conviction, citing *Mapp* v. *Ohio* (367 U. S. 643). Relator contends that the indictment was defective in that it did not contain facts stating the acts constituting the crime, that it did not inform him as to which defendant hit, kicked and stomped the victim, and that it did not apprise him as to the specific subdivision of section 1044 of the Penal Law which

was involved. The sufficiency of an indictment must be raised before judgment (e.g., *People* v. *Parker*, 8 A D 2d 863) unless the defect complained of would strip the court of jurisdiction, and such is clearly not the case here. The simplified form of indictment here utilized has long been held to constitutionally confer jurisdiction upon the trial court of the offense charged therein (e.g., *People* v. *Bogdanoff*, 254 N. Y. 16). If relator believed the indictment insufficient or harbored any doubt as to the offense charged or his involvement therewith he could have resolved the issue by objecting to the sufficiency of the indictment prior to judgment or by the simple expediency of requesting a bill of particulars (Code Crim. Pro., § 295-g). Similarly, any defects in the arraignment procedure prior to indictment would not invalidate the indictment or conviction (*People ex rel. Hirschberg* v. *Close*, 1 N Y 2d 258). Relator's contention respecting the *Mapp* rule, even if properly raised by habeas corpus, has no merit here since the appellate process in this case was exhausted before the *Mapp* decision was rendered (e.g., *People* v. *Loria*, 10 N Y 2d 368). Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.